1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                                   OAKLAND DIVISION
8

9  | VICKIE AARON, et al.,                    | Case No:  C 13-03054 SBA
10 |            Plaintiffs,                    | **ORDER**
11 |        vs.                                | Docket 11, 13
12 | McKESSON CORPORATION,
   | a corporation, et al.,
13 |
14 |            Defendants.

15 | WILLIE ALLEN, et al.,                     | Case No:  C 13-03066 SBA
16 |            Plaintiffs,                    | **ORDER**
17 |        vs.                                | Docket 11, 13
18 | McKESSON CORPORATION,
19 | a corporation, et al.,
20 |            Defendants.
21

22 | ELIZABETH PACHECHO, et al.,               | Case No:  C 13-03107 SBA
23 |            Plaintiffs,                    | **ORDER**
24 |        vs.                                | Docket 11, 12
25 | McKESSON CORPORATION,
   | a corporation, et al.,
26 |
27 |            Defendants.
28

The parties are presently before the Court on Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline's ("GSK") Motions to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation ("JPML") to MDL 1871 and Plaintiffs' Motions to Remand for Lack of Federal Subject Matter Jurisdiction which have been filed in each of the above actions.[1] Having read and considered the papers filed in connection with these matters, and being fully informed, the Court hereby GRANTS GSK's motions to stay, and DENIES Plaintiffs' motions to remand without prejudice.[2]

## I.  BACKGROUND

Plaintiffs commenced the instant products liability actions in the Superior Court of California, County of San Francisco, alleging that they sustained personal injuries arising from the use of Avandia®, a prescription diabetes medication.  GSK timely removed the actions to this Court based on diversity jurisdiction, asserting that Plaintiffs fraudulently joined McKesson Corporation ("McKesson"), a non-diverse party, as a defendant.  GSK also alleges removal jurisdiction based on the Class Action Fairness Act.  Id.

A Multidistrict Litigation proceeding ("MDL") has been established in the Eastern District of Pennsylvania entitled In re Avandia® Marketing, Sales Practices, and Products Liability Litigation (MDL-1871), to coordinate all product liability cases involving Avandia®.  GSK anticipates that the JPML will soon issue a Conditional Transfer Order which will conditionally transfer these cases the Avandia® MDL and now moves to stay the actions pending transfer.  Plaintiffs oppose the motions to stay and have filed motions to remand the action to state court.

//

---

[1] The parties are represented by the same counsel and have filed essentially identical motions in each of these cases.

[2] The Court, in its discretion, finds this matter suitable for resolution without oral argument.   See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## II.   <u>DISCUSSION</u>

Federal district courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).  In determining whether a stay is warranted pending transfer by the JPML, courts consider the following factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." <u>Couture v. Hoffman-La Roche, Inc.</u>, No. C 12-2657 PJH, 2012 WL 3042994, *2 (N.D. Cal. July 25, 2012).

Balancing the salient factors set forth above, the Court finds that a stay is warranted.  As a threshold matter, Plaintiffs will suffer minimal prejudice.  The JPML is scheduled to hear the parties' arguments as to transfer to the MDL shortly.[3]  In the event the JPML declines to transfer the actions, Plaintiffs may renew their motions to remand in this Court.  Alternatively, if the JPML transfers the cases, Plaintiffs will have the opportunity to present their motions to remand in the Avandia® MDL.

As to the remaining considerations germane to stay request, the Court finds that, staying the action will avoid inequity and hardship to GSK, while simultaneously promoting judicial economy.  The matter of McKesson's allegedly fraudulent joinder is common to other cases in the Avandia® MDL.  Permitting that Court to resolve the issue of fraudulent joinder globally, as opposed to adjudicating the issue prior to transfer, promotes judicial consistency and avoids conflicting judgments. <u>See</u> <u>Tucker v. Organon</u>, No. C 13-00728 SBA, 2013 WL 2255884, at *2 (N.D. Cal. May 22, 2013) (granting motion to stay

---

[3] On September 26, 2013, the JPML will conduct a hearing on whether these and other cases should be transferred to the Avandia® MDL.

1  pending transfer to MDL products liability proceedings and denying motion to remand

2  without prejudice).[4]

3  **III.  CONCLUSION**

4      For the reasons stated above,

5      IT IS HEREBY ORDERED THAT:

6      1.    The above-captioned actions are STAYED until the JMPL resolves the matter

7  of whether these actions should be transferred to the Avandia® MDL.  The parties shall

8  inform the Court within seven (7) days from the date the transfer issue is resolved.

9      2.    Plaintiffs' motions to remand are DENIED without prejudice to renewal in

10  the event the actions are not transferred to the Avandia® MDL

11      3.    All pending docket matters shall be terminated.

12      IT IS SO ORDERED.

13  Dated:  September 26, 2013

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

14

15

16

17

18

19

20

21

22

23

24  ────────────
    [4] The Court's ruling is consistent with the decisions of other judges of this Court.
    See Brock v. McKesson Corp., No. C 13-3149 SI (N.D. Cal. Aug. 16, 2013) (Ilston, J.);
    Parks v. McKesson Corp., No. C 13-3162 SC (N.D. Cal. Aug. 16, 2013) (Conti, J.);
25  Ackerman v. McKesson Corp., No. C 13-3049 MMC (N.D. Cal. Aug. 12, 2013) (Chesney,
    J.); Butler v. McKesson Corp., No. C 13-3154 JW (N.D. Cal. Aug. 12, 2013) (White, J.);
26  West v. McKesson Corp., No. C 13-3109 PJH (N.D. Cal. Aug. 12, 2013) (Hamilton, J.);
    Flores v. McKesson Corp., No. C 13-3153 JST (N.D. Cal. Aug. 2, 2013) (Tigar, J.);
27  Alvarez v. McKesson Corp., No. C 13-3112 TEH (N.D. Cal. July 24, 2013) (Henderson,
    J.); but see Hermosillo v. McKesson Corp., No. C 13-3169 WHA (N.D. Cal. Aug. 14,
28  2013) (Alsup, J.).